**No. 62667.**—Williams & Rosenbaum, Inc., and Mason Bros. & Tarlin, Inc. *v.* United States, protests 308959–K and 292564–K (Boston).

OLIVER, Chief Judge: These two protests relate to certain so-called "half masks" that were classified as toys and assessed with duty at the rate of 50 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898, for toys, wholly or in chief value of rubber, not specially provided for. Plaintiffs claim that the articles are not toys and that they are dutiable as manufactures in chief value of india rubber, not specially provided for, under paragraph 1537(a) of the Tariff Act of 1930, carrying a dutiable rate of 25 per centum ad valorem.

Whether or not an article is a toy for tariff purposes is controlled by statutory definition, set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

* * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. * * *

In this case, plaintiffs contend that the "half masks" in question are used by adults and are not "chiefly used for the amusement of children," which is the criterion for the classification of merchandise as toys.

Samples of the present merchandise are in evidence (plaintiffs' collective exhibits 1–A, 1–B, 1–C). They are half masks that cover the wearer's face from forehead to mouth, and from the front of one ear to the front of the other. They are shaped to fit the contour of the face and are fitted with an elastic band to go around the head and hold the mask in place. Two of the items (plaintiffs' collective exhibits 1–A and 1–B) are 6¾ inches in width and the other (plaintiffs' collective exhibit 1–C) is 7⅟₁₆ inches in width. The parties stipulated that "the imported merchandise is in chief value of india rubber."(R. 7)

The president of Williams & Rosenbaum, Inc., one of the plaintiffs herein, testified that he has been importing items like those under consideration for 25 years and that he sold such merchandise to party supply houses that "supply items suitable for dances, carnivals" (R. 12) and "all kinds of costume things relating to costumes." He named two companies located in Boston, i.e., the Acme Novelty Co. and The House of Favors that "caters to hotels," to whom he sold this merchandise. He testified that the articles in question are adult masks, that they are bought "expressly for adults" (R. 14), and that they are distinguishable from children's masks, which are smaller in size and made of cheaper material, i.e., paper (plaintiffs' illustrative exhibit 2). His uncontradicted testimony on the matter of use is to the effect that he has seen half masks, such as those involved herein, used by adults "in places like New Orleans in Mardi Gras, at New Year's celebrations," and at "any sort of costume party." (R. 13.) It is a matter of common knowledge that when adults use masks such as those in question on the festive occasions mentioned by the witness, the use is for their own amusement. The articles before us are not comparable with "the well-known Santa Claus mask with its crown of white hair and flowing whiskers" that is discussed in defendant's brief.

Defendant's witness was the customs official who examined the merchandise in question. His testimony is largely, if not entirely, an attempt to discredit the samples (collective exhibit 1–A, 1–B, 1–C, *supra*) as being representative, particularly as to size, of the merchandise under consideration. In this con-

nection, he testified that "the sample that I looked at * * * was approximately six inches. I didn't measure it. The invoice said that and it seemed about that size." The customs examiner's statements are not sufficient to overcome the positive testimony of plaintiffs' witness that these samples are identical with the imported merchandise in controversy.

While the record before us is not as complete as might be expected, plaintiffs' evidence—oral testimony as well as samples—is sufficient to establish, *prima facie* at least, that the articles in question are not toys, within the meaning of the term "toy," as defined in paragraph 1513, *supra*. Since it is conceded that these masks are in chief value of india rubber, and, not being specifically provided for, they are properly classifiable as manufactures of india rubber, not specially provided for, under paragraph 1537(a) of the Tariff Act of 1930, with a duty assessment at the rate of 25 per centum ad valorem, as claimed by plaintiffs.

The protests are sustained and judgment will be rendered accordingly.